IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | No. CR 02-399-1-JO |
|---|---|---|
| | ) | (Civil No. 05-1055-JO) |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| JEFFREY LEON BATTLE, | ) | |
| | ) | |
| Defendant. | ) | |

David L. Atkinson
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

  Of Attorneys for Plaintiff-Respondent United States of America

Jeffrey Leon Battle
No. 96638-011
Florence USP/LEGAL MAIL
P. O. Box 7000
Florence, CO 81226

  Defendant-Petitioner Pro Se

Harrison Latto
400 S.W. Sixth Avenue, Suite 600
Portland, OR 97204

    Attorney for Defendant-Petitioner

JONES, Judge:

Petitioner, Jeffrey Leon Battle, filed two petitions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The petitioner submitted his original petition (#464) *pro se*, on June 22, 2005, and his counsel filed a supplemental petition (#504) on December 15, 2006. For the reasons set forth below, both of the petitioner's motions are DENIED.

## PROCEDURAL HISTORY

On October 16, 2003, Battle, along with co-defendant Patrice Lumumba Ford ("Ford"), pled guilty to Count 1 of the Superceding Indictment, Conspiracy to Levy War Against the United States in violation of 18 U.S.C. § 2384. On November 24, 2003, I sentenced Battle and Ford to 216 months each, in accordance with the terms of their respective plea agreements.

Proceeding *pro se*, Battle filed an untitled motion on November 18, 2004, seeking release from "solitary confinement," and requesting tolling of the 1-year statute of limitations applicable to § 2255 petitions. (Docketed as Motion for Relief, #438.) Battle claimed that he did not have access to legal materials while confined in his segregated housing unit. On December 19, 2004, Battle filed a motion (#447) asking the court to appoint counsel for his § 2255 proceedings. I denied both motions on February 4, 2005, because they were theoretical and premature, as Battle had yet to file a § 2255 petition. (Order (#449).) Battle then filed a motion for reconsideration (#450) on February 28, 2005, which was denied on March 2, 2005. (Order (#451).) On March 18, 2005, Battle filed a notice of appeal (#454) from these rulings, but failed to file a brief with the Ninth Circuit Court of Appeals. The appeal was dismissed on October 19, 2005. (Order of USCA-9th Circuit (#471).) When Battle submitted his original § 2255 motion on June

22, 2005,[1] he did not address the 1-year limitation issue. After he was appointed new counsel to represent him in connection with this § 2255 proceeding, counsel filed a supplemental § 2255 petition, but also failed to address the statute of limitations issue.

## DISCUSSION

In his original petition, Battle challenges the constitutionality of applying United States Sentencing Guideline ("Guideline") § 2M1.1 to his crimes; claims that this court committed error in applying this Guideline for the purposes of calculating his base offense level; challenges this court's jurisdiction to apply Guideline § 2M1.1; and contends that these errors deprived him of his right to Due Process under the Fifth Amendment, and his right to a jury trial under the Sixth Amendment. (Petition (#464), at 5-6.) He also claims that his counsel was ineffective at sentencing for not arguing, or informing him of, these issues. (Id. at 6.) In his supplemental petition, he requests leave to conduct discovery in support of new § 2255 claims. (Def's. Supplemental Petition (#504), at 3.) However, Battle explicitly waived his right to appeal his sentence under § 2255, except on the grounds of ineffective assistance of counsel.[2] Such a waiver is enforceable, if the plea agreement expressly waives the right to bring a § 2255 motion.

---

[1] Although the filing date on the court's docket is June 30, 2005, the "mailbox" rule applies. Houston v. Lack, 487 U.S. 266, 276 (1988); *and see* Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000) (adopting the "mailbox" rule for *pro se* habeas petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244). Under this rule, a *pro se* habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities. Battle's Certificate of Service indicates that he furnished his motion to the authorities on June 22, 2005, and so it is deemed filed on that date.

[2] Battle's plea agreement reads as follows: "Waiver of Appeal/Post Conviction Relief. Defendant waives the right to appeal from his conviction and sentence unless the sentence imposed exceeds the statutory maximum . . . Defendant also waives the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on the grounds of ineffective assistance of counsel." (Gov't Resp. to § 2255 Petition (#466), at Ex. 1, pg 6-7.)

United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) *cert. denied*, 508 U.S. 979 (1993); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Battle's waiver could not have been more explicit. Therefore, I dismiss as waived Grounds 1-3, which all relate to the application of Guideline § 2M1.1 at sentencing; and Ground 5, to the extent it asserts that Battle's sentencing proceeding deprived him of his Fifth Amendment Due Process, and Sixth Amendment jury trial rights. Likewise, I dismiss the Supplemental Petition in its entirety. Only Ground 4, which raises an ineffective assistance of counsel claim, and Ground 5, to the extent that it claims ineffective assistance of counsel, are properly before the court. (Petition (#464), at 16-23.)

Before addressing Battle's ineffective assistance of counsel claims on the merits, I consider the threshold issue of whether his original petition was time-barred. Section 2255 contains a 1-year limitations period, which runs from the latest of one of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Statutory tolling of this limitations period is possible, and the Ninth Circuit has recognized additional situations where equitable tolling is appropriate.

Battle did not address the issue of whether his § 2255 petitions were time-barred. Because his initial petition was drafted *pro se*, it is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). There are two dates that Battle could claim as the start date for his one-year limitations period: December 14, 2003, as "the date on which the judgment of conviction becomes final," and December 31, 2004, as "the date on which the impediment . . . [was] removed." 28 U.S.C. § 2255.

Section 2255 does not define "final" for the purpose of applying § 2255(1), but the Supreme Court held that "a conviction is final in the context of habeas review when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987)). The Schwartz court adopted the definition of finality from 28 U.S.C. § 2244(d)(1), explaining that the statute of limitations begins running "upon the expiration of the time during which [the defendant] could have sought review by direct appeal." Id. (citing United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000)). The Federal Rules of Appellate Procedure provide that "[i]n a criminal case, a defendant's notice of appeal must be filed within 10 days of the later of: the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal." Fed. R. App. P. 4(a). Because Battle did not file a direct appeal, his conviction became final, at the latest, on December 14, 2003—ten days after the court filed its "Findings of Fact Order" (#385) dated

5 - OPINION AND ORDER

December 4, 2003.³  Therefore, under § 2255(1), Battle's original petition, filed June 22, 2005, is time-barred.

Next, I examine whether Battle's petitions are entitled to statutory tolling under § 2255(2). Determinations of whether a petitioner faced an unconstitutional or unlawful "impediment" that allows for statutory tolling under § 2255(2) are highly fact-dependent. *See* Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).  The Ninth Circuit has indicated that in some circumstances, the unavailability of research materials may be an "impediment."  Id. Although he did not address the tolling issue in his § 2255 petition, Battle claimed that he did not have access to legal materials while in solitary confinement in his original request for tolling.  (Mot. for Relief (#438), at 2.)  However, Bureau of Prisons records confirm that Battle both requested and received legal materials while in solitary confinement, from June to December of 2004. (Gov't. Resp. at Ex. 5.)  Because petitioner actually accessed legal materials during his time in confinement, there was no governmental "impediment" as defined in § 2255(2); therefore, he is not entitled to statutory tolling.

The Ninth Circuit has also recognized situations where equitable tolling is appropriate in § 2255 cases. *See* United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2002).  The precise standard for equitable tolling in the Ninth Circuit remains unclear in the wake of the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005).  *See* Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (where the court applied the "impossibility"

---

³ It is possible that Battle's conviction became final on December 6, 2003, ten days after the judgment (#373) was entered.  However, the difference between these dates is not outcome-determinative, and I use the later date to give Battle the benefit of any doubt.  *See* Schwartz, 274 F.3d at 1223 (n.1) (using the later of two possible dates to give § 2255 petitioner the benefit of any doubt).

standard, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9thCir. 2003); *but see* Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (applying the Pace standard alone); *and see* Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (applying Pace standard as well as "impossibility" standard, citing Spitsyn and Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283 (9th Cir. 1997)). However, under any variation of the standard, to be entitled to equitable tolling, the petitioner must demonstrate that "extraordinary circumstances" kept him from filing his habeas corpus petition on time.

The Ninth Circuit has held that "extraordinary circumstances exist when . . . wrongful conduct prevents a prisoner from filing; [. . .] for example, where the prison library was inadequate." Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (citing Whalem/Hunt, 233 F.3d at 1148). Accordingly, based on the facts discussed above, I conclude that Battle has failed to show that any extraordinary circumstances existed to prevent him from timely filing his petition because he accessed legal materials while in solitary confinement. Therefore, equitable tolling is not appropriate in this case.

Even if Battle were to overcome the procedural default caused by his failure to timely file, his ineffective assistance of counsel claims fail on the merits. Battle's co-defendant, Ford, attacked his sentence under § 2255 within the 1-year statute of limitations with the identical claim that his counsel was ineffective for failing to argue, or inform him of, the errors he perceived in the application of Guideline § 2M1.1 to his crimes. The Ninth Circuit concluded that Ford "failed to demonstrate that . . . his trial counsel was deficient under the applicable standard set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-91 (1984)." United States v. Ford, No. 06-35000, at *1 (9th Cir., January 3, 2007) (unpublished). As the Ninth Circuit

7 - OPINION AND ORDER

observed, "counsel assisted Ford in accepting an agreement that averted the very real risk that Ford would go to trial, be convicted of all eight charges, and receive a sentence far longer than the eighteen years he now spends in prison." Id. Battle's counsel, faced with an identical indictment and plea agreement, assisted him in precisely the same way, and for the same reasons, functioned effectively as counsel.

## CONCLUSION

Based on the foregoing, petitioner's Motions to Vacate or Correct under 28 U.S.C. § 2255 (#504, #464) are DENIED, and the case is DISMISSED WITH PREJUDICE.

DATED this 9th day of November, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge